**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MARGARET ELAINE RAND** ) | |
| ) | |
| **Plaintiff,** ) | **Civil Action No.: 08-703 (PLF)** |
| ) | |
| **v.** ) | |
| ) | |
| **HENRY K. PAULSON,** ) | |
| **Secretary of the Treasury,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| ) | |

**ANSWER**

Defendant, Henry K. Paulson, in his official capacity as Secretary of the Treasury

("Defendant" or "the Agency"), through the undersigned counsel, hereby answers the Complaint

filed in the above-styled action.

Defendant responds to the corresponding numbered paragraphs of the Complaint by

admitting, denying or stating the following:

1.      This paragraph consists of plaintiff's characterization of his lawsuit and the bases

of the Court's jurisdiction over this action, a conclusion of law to which no response is required.

2.      Defendant is without knowledge or information sufficient to form a belief as to

the truth of the averments contained in paragraph 2 that plaintiff is a resident of Washington DC.

Defendant admits the remaining allegations contained in paragraph 2 of the complaint.

3.      Defendant admits the allegations contained in paragraph 3 of the complaint.

4.      Defendant admits that plaintiff was employed by the agency and another federal

agency for nearly 16 years and that she is retired.  Defendant denies that plaintiff's performance

with defendant "was always satisfactory or better."  Rather, defendant avers that, at the time of

plaintiff's removal from the agency, plaintiff had not worked one single day in the preceding seven months.

     5.     Defendant admits that plaintiff filed an administrative EEO complaint in June 2006 regarding incidents from February to June of 2006.  Defendant admits that when the agency proposed plaintiff's removal in January 2007, her 2006 EEO complaint was still pending.  Defendant denies that the removal was proposed "shortly after" plaintiff requested a disability accommodation.  Rather, defendant avers that plaintiff made the accommodation request on June 29, 2006, and received a decision denying the accommodation on August 1, 2006, more than six months before the January 25, 2007 proposal to remove was issued.  Defendant admits that both plaintiff's first and second line supervisors were aware of plaintiff's 2006 EEO complaint and her previous accommodation request.  Defendant admits that plaintiff's second line supervisor issued a decision on February 28, 2007 to remove plaintiff from federal service effective March 2, 2007, however, plaintiff retired from federal service on February 28, 2007, before the removal action became effective.  Defendant admits that six months prior to the proposed removal plaintiff submitted medical documentation requesting reassignment, but defendant denies that this request was a request for a "reasonable accommodation."  Rather, defendant avers that plaintiff's request to be transferred because her current supervisor was causing her too much stress was per se unreasonable.  Furthermore, defendant contends that plaintiff is not a qualified individual with a disability under the Rehabilitation Act.[1]  Defendant denies that the agency failed to engage in the required interactive process for disability claims and failed to

---

    [1]Simultaneously with the filing of his answer, defendant is filing a motion for partial dismissal/summary judgment concerning plaintiff's Rehabilitation Act claim.

accommodate plaintiff's request for reassignment.  Rather, defendant avers that plaintiff filed her accommodation request on June 29, 2006, and her supervisor carefully considered the request along with the supporting medical documentation but ultimately determined that plaintiff was not disabled as defined by the law because her condition only affected her ability to work with one particular supervisor.  The supervisor's denial letter, issued August 1, 2006, specifically informed plaintiff that she could request reconsideration of the decision, could present any additional information to the supervisor, could file internal appeals, or could seek EEO counseling if she believed the decision was incorrect.  Defendant denied that plaintiff could have remained employed with the agency if she had been accommodated.  Rather, defendant avers that plaintiff was not disabled because her alleged health condition only affected her ability to work for one particular supervisor.  Furthermore, at the time of her removal, plaintiff had failed to work one day in the preceding seven months, despite the agency's requests that she return to work.  Defendant admits that plaintiff retired effective February 28, 2007, but is without sufficient information to either admit or deny plaintiff's assertion that she "had planned to work more years to increase her retirement benefits."  Defendant admits that plaintiff filed a "mixed case" with the Merit Systems Protection Board ("MSPB") and raised the allegations alleging reprisal and disability based upon disability.  Defendant further admits that plaintiff received a decision adverse to her from the MSPB administrative judge ("AJ") and the AJ's decision was upheld by the MSPB despite plaintiff filing a petition for review, and the EEOC further upheld the decision.  All decisions indicated that plaintiff is not a qualified individual with a disability.

      6.     Defendant denies that plaintiff has exhausted all administrative remedies as to her claims that the agency failed to accommodate her alleged disability.  Defendant admits the

remaining allegations contained in paragraph 6 of the complaint.

7.     Defendant denies the allegations contained in paragraph 7 of the complaint.

8.     This paragraph contains conclusions of law, not averments of fact, to which no response is required; to the extent a response is required, denied.

9.     This paragraph contains conclusions of law, not averments of fact, to which no response is required; to the extent a response is required, denied.

The remainder of the complaint consists of plaintiff's prayer for relief to which no response is required.  To the extent a response is required, defendant states that plaintiff is not entitled to the relief requested or to any relief whatsoever.  Defendant further avers that any award of compensatory damages for Plaintiff's Title VII claim would be subject to and limited by § 42 U.S.C. § 1981a and that exemplary damages may not be awarded in this action.  In addition, defendant denies that plaintiff is entitled to a jury trial de novo on all issues.  Plaintiff's Civil Service Reform Act ("CSRA") claim is only subject to review of the administrative record by the Court, applying an arbitrary, capricious standard.  See Carr v. Reno, 23 F.3d 525, 528 (D.C. Cir. 1994).

All allegations contained in the complaint not heretofore specifically admitted, modified or denied are hereby generally denied as completely as if separately and specifically denied.

Without assuming any burden of proof that it would not otherwise bear, defendant also asserts the following affirmative defenses:

**<u>FIRST DEFENSE</u>**

Plaintiff fails to state a claim upon which relief can be granted.

4

## SECOND DEFENSE

Plaintiff may have failed to exhaust her administrative remedies and her filing may be untimely.

## THIRD DEFENSE

Plaintiff has failed to mitigate her damages.

## FOURTH DEFENSE

Defendant reserves the right to assert affirmatively any other defense that constitutes an avoidance or affirmance under Fed. R. Civ. P. 8(c)

**WHEREFORE**, Defendant requests that the Court dismiss the complaint and award Defendant such other relief as the Court may deem appropriate, including costs.

Respectfully submitted,

/s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

/s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR DEFENDANT

5

Of Counsel:

A. Wade Norman
Office of the General Counsel
United States Department of Treasury
1500 Pennsylvania Avenue, NW
Washington, DC 20220