UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MARGARET ELAINE RAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08-0703 (PLF) |
| ) | |
| TIMOTHY GEITHNER, Secretary, ) | |
| United States Department of the Treasury, ) | |
| ) | |
| Defendant.[1] ) | |

OPINION

      This employment discrimination case is before the Court on the defendant's motion for partial dismissal or, alternatively, for partial summary judgment.[2] After careful consideration of the parties' papers and the entire record in the case, the Court granted defendant's motion by Order of March 31, 2009. This Opinion explains the reasoning underlying that Order. The Court will treat defendant's motion as a motion to dismiss for lack of subject matter jurisdiction with respect to plaintiff's failure to accommodate claim and grant the motion to dismiss with respect to that claim. The Court will treat defendant's motion as a motion for summary judgment with respect to plaintiff's unlawful discharge claim and grant the motion for

---

     [1]     Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes as the defendant the current Secretary of the Treasury, Timothy Geithner, for former Secretary Henry Paulson.

     [2]     The papers submitted in connection with this motion include: Defendant's Motion for Partial Dismissal of the Complaint or, Alternatively, for Partial Summary Judgment ("Mot."); Plaintiff's Opposition to Defendant's Motion for Partial Dismissal or Partial Summary Judgment ("Opp."); and Defendant's Reply Brief ("Reply").

summary judgment with respect to that claim.

I.  BACKGROUND

Plaintiff Margaret Elaine Rand alleges that she is disabled because she has a psychiatric disorder (Adjustment Disorder with Mixed Disturbance of Emotions and Conduct) that substantially limits the major life activity of working.  See Compl. ¶ 5.  At all times relevant to her complaint, plaintiff worked for the Department of the Treasury.  See id. ¶ 4.  On June 28, 2006, plaintiff filed a request for an accommodation, stating that "[b]ecause of the anxiety caused by [a] supervisor who discriminates against me by watching every single minute of my day, and accusing me of not being at my desk when I am, I can no longer perform the duties of a regular, capable employee."  See Mot., Ex. A at 2.  She requested transfer to another position in the Department.  See id. at 2-3.  On or about July 5, 2006, plaintiff stopped coming to work and never returned to duty.  See Mot., Ex. D, at 3.

On August 1, 2006, plaintiff's supervisor denied her request for accommodation on the ground that she had not established that she was a qualified individual with a disability. See Mot., Ex. B at 1.  The letter denying the request stated that plaintiff could seek reconsideration of the denial by writing to her supervisor or by "fil[ing] an EEO Complaint, pursue an appeal to the Merit System [sic] Protection Board . . . or [by filing] an administrative grievance."  See id. at 1-2.  Plaintiff took no action until defendant instructed her to return to work by January 2, 2007 or be charged as AWOL.  See Mot. at 3.  Plaintiff did not return to work, and on January 25, 2007, her supervisor proposed her removal.  See id.  On February 12, 2007, plaintiff sought reconsideration of the August 1, 2006 denial of her request for reasonable

accommodation. See Mot., Ex. C, February 12, 2007 Memorandum at 1. Defendant did not agree to plaintiff's request and as a result, plaintiff retired on February 28, 2007. See Compl. ¶ 5. Plaintiff filed a timely appeal of her removal with the Merit Systems Protection Board ("MSPB"). See Opp. at 3. The MSPB affirmed defendant's decision. See Mot., Ex. D at 23.

On April 24, 2008, plaintiff brought suit in this Court alleging disability discrimination as well as retaliation for engaging in protected activity under the Rehabilitation Act, 29 U.S.C. §§ 701, *et seq.*, under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, and under the Civil Service Reform Act, of 1978, Pub. L. No. 94-454, 92 Stat. 1111 (codified as amended in scattered sections of Title 5 of the United States Code). Defendant now moves for dismissal or, in the alternative, for summary judgment solely on plaintiff's claims under the Rehabilitation Act. While it is not always easy to parse plaintiff's complaint, the Court agrees with the defendant that a generous reading reveals two claims under the Rehabilitation Act: (1) a claim for failure to accommodate plaintiff's purported disability (stemming from the August 1, 2006 denial of plaintiff's accommodation request), and (2) a claim for unlawful discharge on the basis of disability (stemming from defendant's decision to terminate plaintiff in early 2007).

## II. FAILURE TO ACCOMMODATE CLAIM

### *A. Legal Framework*

The exclusive remedy for federal employees alleging that federal agencies engaged in disability discrimination is Section 501 of the Rehabilitation Act, codified at 29 U.S.C. § 791. See Taylor v. Small, 350 F.3d 1286, 1292 (D.C. Cir. 2003) (holding that Section

504 of the Rehabilitation Act, codified at 29 U.S.C. § 794, "does not provide federal employees an alternative route for relief under the Rehabilitation Act") (internal quotation marks and citation omitted); Raines v. United States Dep't of Justice, 424 F. Supp. 2d 60, 64 (D.D.C. 2006). Section 501(b) requires federal employers to take "affirmative action" when making "hiring, placement, and advancement" decisions regarding "individuals with disabilities." 29 U.S.C. § 791(b). Among other things, this provision requires federal agencies to reasonably accommodate the disabilities of otherwise qualified employees unless doing so would cause an undue hardship. See Woodruff v. Peters, 482 F.3d 521, 526 (D.C. Cir. 2007); Taylor v. Rice, 451 F.3d 898, 904-05 (D.C. Cir. 2006); Barth v. Gelb, 2 F.3d 1180, 1183 (D.C. Cir. 1993).

A person alleging a violation of Section 501 is required to exhaust administrative remedies before bringing claims to federal court. See 29 U.S.C. § 794a(a)(1) (limiting judicial review to employees "aggrieved by the final disposition of [their administrative] complaint"); see also Spinelli v. Goss, 446 F. 3d 159, 162 (D.C. Cir. 2006); Taylor v. Small, 350 F. 2d at 1292. To begin that process, he or she must contact an Equal Employment Opportunity counselor to complain about the alleged violation of the Rehabilitation Act within 45 days of its occurrence. See Woodruff v. Peters, 482 F.3d at 527; see also 29 C.F.R. § 1614.105. "[U]nlike some exhaustion requirements, Section 501's is jurisdictional." Moore v. Schafer, 573 F. Supp. 2d 216, 219 (D.D.C. 2008). Thus, if a plaintiff fails to exhaust his or her Rehabilitation Act claims as required by Section 501, the claims are subject to dismissal for lack of subject matter jurisdiction. See Spinelli v. Goss, 446 F.3d at 162; Int'l Union v. Clark, Civil Action No. 02–1484, 2006 WL 2598046 at *9 (D.D.C. Sept. 11, 2006).

Defendant contends that plaintiff's failure to accommodate claim should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure because plaintiff failed to exhaust her administrative remedies with respect to this claim and therefore cannot state a claim for relief.  See Mot. at 6-8.  As discussed above, however, the exhaustion requirement of Section 501 is jurisdictional; thus, defendant's exhaustion argument is more properly asserted and evaluated under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

*B.  Analysis*

Defendant argues that plaintiff's failure to accommodate claim should be dismissed because plaintiff did not contact an EEO counselor, or take any other steps to initiate the administrative dispute resolution process, within 45 days of the August 1, 2006 notification that her reasonable accommodation request had been denied.  See Opp. at 3-4.  Plaintiff does not deny that she failed to initiate the administrative process within 45 days of being denied a reasonable accommodation.  Instead she argues that she sufficiently exhausted her failure to accommodate claim by exhausting her unlawful discharge claim, which all agree she properly exhausted by way of her post-termination appeal to the MSPB.  See Opp. at 3-4 (arguing that plaintiff was not required to exhaust her failure to accommodate claim because "the failure to accommodate claim is part of plaintiff's claim concerning her removal").  The Court disagrees with plaintiff.

In Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002), the Supreme Court held that each discrete adverse employment action triggers the statutory exhaustion requirement.  Although the plaintiff in Morgan alleged numerous acts of discrimination and

retaliation and a hostile work environment, the Supreme Court held that only those acts occurring within the applicable limitations period were actionable, regardless of any connection between the earlier acts and the ones about which the plaintiff had filed a timely complaint.  See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. at 113 ("discrete discriminatory acts are not actionable if time barred, even when they relate to acts alleged in timely filed charges").  After Morgan, to determine whether a claim must meet the procedural hurdles of the exhaustion requirement itself, or whether it can piggy-back on another claim that has satisfied those requirements (as plaintiff seeks to do by attempting to attach her failure to accommodate claim to her termination claim), the Court must decide whether the otherwise barred claim is for a "discrete" act of discrimination.  See Coleman-Adebayo v. Leavitt, 326 F. Supp. 2d 132, 137-38 (D.D.C. 2004).  Generally, hostile work environment claims which rely on allegedly discriminatory conduct falling outside the applicable charging period are treated as the only exception to the rule in Morgan.  That is "because a hostile work environment violation — unlike a discrete act such as firing or failing to promote an employee — 'cannot be said to occur on any particular day.'"  Coughlan v. Peters, 555 F. Supp. 2d 187, 203 (D.D.C. 2008) (citing Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. at 115, 117).  Each "[d]iscrete act such as termination, failure to promote, denial of transfer or refusal to hire" is "a separate actionable 'unlawful employment practice'" because each occurs at a fixed time.  Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. at 114.

> The denial of plaintiff's accommodation request was a "discrete act" within the meaning of Morgan.  Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. at 114; see also Mayers v. Laborers' Health and Safety Fund of North America, 478 F.3d 364, 368 (D.C. Cir. 2007) (failure

6

to accommodate is a discrete act). Thus, in order to assert a failure to accommodate claim in this Court, plaintiff would have had to exhaust that claim administratively. See Coleman-Adebayo v. Leavitt, 326 F. Supp. 2d at 138 (citing Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. at 114). Plaintiff did not exhaust her failure to accommodate claim because she did not contact an EEO counselor within 45 days of August 1, 2006, the date that her reasonable accommodation request was denied. She cannot escape the exhaustion requirement by arguing that her failure to accommodate claim is related to her unlawful discharge claim. See Ikossi v. Dep't of Navy, 516 F. 3d 1037, 1044-45 (D.C. Cir. 2008). The Court therefore will dismiss plaintiff's failure to accommodate claim for lack of subject matter jurisdiction.

### III.  UNLAWFUL DISCHARGE CLAIM

*A.  Legal Framework*

Defendant argues that plaintiff fails to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure because she is not disabled within the meaning of the Rehabilitation Act. This argument requires consideration of material outside the pleadings; accordingly, the Court will treat the motion as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. See FED. R. CIV. P. 12(d).

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits [or declarations] show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006). "A fact is 'material' if a dispute over it

might affect the outcome of a suit under the governing law; factual disputes that are 'irrelevant or unnecessary' do not affect the summary judgment determination." Holcomb v. Powell, 433 F.3d at 895 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. at 248). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. at 248; Holcomb v. Powell, 433 F.3d at 895. When a motion for summary judgment is under consideration, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [her] favor." Anderson v. Liberty Lobby, Inc., 477 U.S. at 255; see also Mastro v. Potomac Elec. Power Co., 447 F.3d 843, 849-50 (D.C. Cir. 2006); Aka v. Washington Hosp. Center, 156 F.3d 1284, 1288 (D.C. Cir. 1998) (*en banc*); Washington Post Co. v. Dep't of Health and Human Servs., 865 F.2d 320, 325 (D.C. Cir. 1989). On a motion for summary judgment, the Court must "eschew making credibility determinations or weighing the evidence." Czekalski v. Peters, 475 F.3d 360, 363 (D.C. Cir. 2007).

The non-moving party's opposition, however, must consist of more than mere unsupported allegations or denials and must be supported by affidavits, declarations or other competent evidence, setting forth specific facts showing that there is a genuine issue for trial. FED. R. CIV. P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). She is required to provide evidence that would permit a reasonable jury to find in her favor. Laningham v. U.S. Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987). If the non-movant's evidence is "merely colorable" or "not significantly probative," summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. at 249-50; see Scott v. Harris, 127 S.Ct. 1769, 1776 (2007) ("where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is

'no genuine issue for trial.'") (quoting Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). To defeat a motion for summary judgment, a plaintiff must have more than "a scintilla of evidence to support [her] claims." Freedman v. MCI Telecomm. Corp., 255 F.3d 840, 845 (D.C. Cir. 2001).

*B. Analysis*

To sustain a disability claim under the Rehabilitation Act, a plaintiff must as a threshold matter establish that he or she has a disability. See Bonieskie v. Mukasey, 540 F. Supp. 2d at 197 (quoting Lester v. Natsios, 290 F. Supp. 2d 11, 23-24 (D.D.C. 2003)). An "individual with a disability," within the meaning of the Rehabilitation Act, is an individual who has "a physical or mental impairment that substantially limits one or more major life activities of such individual; . . . a record of such an impairment; or . . . [is] regarded as having such an impairment." See 29 U.S.C. § 705(20)(B) (incorporating definition from the ADA); 42 U.S.C. § 12102(1) (ADA's definition of disabled individual). When considering whether an impairment is "substantially limit[ing]," a court should examine the following factors: "(i) The nature and severity of the impairment; (ii) The duration or expected duration of the impairment; and (iii) The permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment." See 29 C.F.R. § 1630.2(j)(2).

Working is considered a major life activity under the Rehabilitation Act and the ADA.[3] The EEOC has promulgated regulations to define specifically what it means to be

---

[3] On September 25, 2008, Congress amended the ADA to include working as a major life activity. See Pub. L. No. 110-325 (codified as 42 U.S.C. § 12102(2)(A)). The Rehabilitation Act incorporates various standards from the ADA, including this amendment. See 29 U.S.C. § 791(g).

substantially limited in the major life activity of working:

> The term *substantially limits* means significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. *The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.*

29 C.F.R. 1630.2(j)(3)(i) (emphasis in final sentence added); see also Coleman-Adebayo v. Leavitt, 326 F. Supp. 2d at 142-43 n. 7 (quoting Duncan v. Washington Metropolitan Area Transit Authority, 240 F.3d 1110, 1115 (D.C. Cir. 2004)).

According to plaintiff, she suffers from Adjustment Disorder and Mixed Anxiety and depressed mood, all of which resulted from her interactions with her former supervisor. See Def. Facts ¶ 7 (citing Mot., Ex. C at 2). For example, in her declaration she states:

> I was being micro-managed and harassed by my supervisors [at her former job]. . . . Upon advice of the medical professionals treating me for acute anxiety, depression and panic attacks, I requested reassignment to a position where I would not be micro-managed or harassed. . . . My disability is the result of working in an environment where I was micro-managed and harassed.

Rand Decl. ¶ 2. This impairment, she argues, substantially limits her ability to participate in the major life activity of working – and thus rises to the level of a disability – because it prevents her from working full time or in any highly demanding or stressful job. See Rand Decl. ¶ 5.

The Court concludes that the plaintiff has not presented sufficient evidence to create a genuine dispute as to whether she is in fact disabled within the meaning of the Rehabilitation Act. The evidence on which she relies shows, at most, that to the extent her impairment interferes with her ability to work, it only limits her ability to work in her particular office environment. For example, the most recent report (in the form of a letter) from plaintiff's

doctor, Raymond Band, states: "Her condition at this time seems to be intimately connected with her ongoing work situation, which continues to perpetuate her illness." Opp., Ex. 4J.  Similarly, the most recent report (also in the form of a letter) from Edward Honnald, a licensed clinical social worker, states: "[Plaintiff's] psychiatric condition has been greatly aggravated by the severe and oppressive *conditions present in the office to which she has been assigned* . . . her symptoms prevent her from resuming her regular functions *in this office*."  Opp., Ex. 4K (emphasis added).  These reports are typical of Dr. Band and Mr. Honnald's earlier conclusions, see Opp., Exs. 4A-4I, and simply do not support plaintiff's claim that she is limited, generally, from working full time.

As the United States Court of Appeals for the District of Columbia Circuit recently explained:

> If the impact of an impairment can be eliminated by changing the address at which an individual works, that impairment is neither permanent nor long term. . . .  If [plaintiff] could have avoided the itching that seriously affected his sleep [the alleged limitation of a major life activity] simply by working at a different location, then he was not "substantially limited" in the major life activity of sleeping.

Haynes v. Williams, 392 F. 3d 478, 483 (D.C. Cir. 2004).  See also Coleman-Adebayo v. Leavitt, 326 F. Supp. 2d at 142 (the plaintiff's hypertension was not a disability under the Rehabilitation Act because it could be controlled "except when she is subjected to the stress of working in an EPA facility").  Plaintiff's alleged impairment is no less context-specific than the plaintiffs' alleged impairments in Haynes or Coleman-Adebayo.  The Court therefore concludes that plaintiff is not disabled within the meaning of the Rehabilitation Act because she is not substantially limited in her ability to work.  Accordingly, defendant is entitled to judgment as a

matter of law on plaintiff's unlawful discharge claim.

For these reasons, the Court by Order of March 31, 2009 (1) dismissed plaintiff's failure to accommodate claim for lack of subject matter jurisdiction, and (2) entered judgment in defendant's favor on plaintiff's unlawful discharge claim.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: April 24, 2009