UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MARGARET ELAINE RAND, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 08-0703 (PLF) |
| TIMOTHY F. GEITHNER, Secretary of the Treasury, | ) ) ) ) | |
| Defendant.[1] | ) ) | |

OPINION

Plaintiff Margaret Elaine Rand brought this employment discrimination and retaliation suit against her former employer, the United States Department of the Treasury. The Court previously dismissed plaintiff's failure to accommodate claim for lack of subject matter jurisdiction and entered judgment in defendant's favor on plaintiff's unlawful discharge claim. See Rand v. Geithner, 609 F. Supp. 2d 97 (D.D.C. 2009). Ms. Rand's remaining claims are that the Treasury Department retaliated against her in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*., and that the Merit Systems Protection Board's ("MSPB") decision at the administrative level was arbitrary and capricious.

The defendant has moved for summary judgment on the grounds that it had legitimate, non-retaliatory reasons for Ms. Rand's removal, that Ms. Rand failed to produce evidence that these reasons are a pretext for retaliation, and that the MSPB's decision upholding

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes as the defendant the current Secretary of the Treasury, Timothy Geithner, for former Secretary Henry Paulson.

plaintiff's removal was not arbitrary, capricious, or otherwise in derogation of the law and therefore should be upheld. Upon careful consideration of the parties' papers, the entire record in the case, and the relevant statutes and case law, the Court will grant defendant's motion.[2]

I. BACKGROUND

At all times relevant to her complaint, plaintiff Margaret Elaine Rand worked for the Department of the Treasury. See Def. SMF ¶ 1. On June 28, 2006, plaintiff filed a request for an accommodation, stating that "[b]ecause of the anxiety caused by [a] supervisor who discriminates against me by watching every single minute of my day, and accusing me of not being at my desk when I am, I can no longer perform the duties of a regular, capable, employee." Mot., Ex. C at 3 (plaintiff's request for reasonable accommodation). She requested a transfer to another position in the Department. See id. at 3-4. Plaintiff left work after a July 3, 2006 "panic attack" and never returned to her job after that date. See Def. SMF ¶ 23. On July 6, 2006, plaintiff filed an EEO complaint against Martin Melone and James Sullivan. See id. ¶ 24. Her complaint alleged the creation of a hostile work environment, harassment based on her sex (female), age (62), and race (Caucasian), and reprisal for prior EEO activity. See id.

On August 1, 2006, plaintiff's supervisor, James Sullivan, denied her request for accommodation on the ground that she had not established that she was a qualified individual with a disability. See Def. SMF ¶ 25. On September 25, 2006, Mr. Sullivan sent plaintiff a

---

[2] The papers submitted in connection with this motion include: Defendant's Motion for Summary Judgment ("Mot."); Defendant's Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment ("Memo."); Plaintiff's Opposition to Defendant's Motion for Summary Judgment ("Opp."); Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment ("Rep."); Defendant's Statement of Material Facts Not in Genuine Dispute ("Def. SMF"); and Plaintiff's Response to Defendant's Statement of Material Facts Not in Genuine Dispute ("Pl. SMF").

2

letter notifying her that she had exhausted her annual and sick leave since her departure on July 5, 2006, and instructing her to return to work by October 2, 2006.  See id. ¶ 28.  On October 2, 2006, plaintiff submitted a Family and Medical Leave Act ("FMLA") certification signed by her psychiatrist.  See id. ¶ 29.  Plaintiff's supervisors approved her FMLA certification and granted her leave until December 29, 2006.  See id. ¶ 31.

On December 18, 2006, Mr. Sullivan again wrote to Ms. Rand, instructing her to return to work by January 2, 2007.  See Def. SMF ¶ 32.  Plaintiff did not return to work, and on January 25, 2007, her supervisor proposed her removal.  See id. ¶¶ 32, 37.  On February 12, 2007, plaintiff sought reconsideration of the August 1, 2006, denial of her request for reasonable accommodation.  See Def. SMF ¶ 38; Pl. SMF ¶ 38.  Defendant did not agree to plaintiff's request and, rather than be removed, plaintiff retired on February 28, 2007.  See Def. SMF ¶ 40. Plaintiff filed an appeal of her removal with the Merit Systems Protection Board, and the MSPB affirmed defendant's decision on October 4, 2007.  See id. ¶¶ 41-42.  Plaintiff then appealed the MSPB's decision with respect to her Title VII and Rehabilitation Act claims to the Equal Employment Opportunity Commission ("EEOC").  See Rand v. Paulson, Petition No. 0320080034, 2008 WL 957758 at *1 (E.E.O.C. March 27, 2008).  The EEOC upheld the decision of the MSPB.  Id. at *2.

On April 24, 2008, plaintiff filed suit in this Court alleging disability discrimination as well as retaliation for engaging in protected activity under Title VII, the Rehabilitation Act, 29 U.S.C. §§ 701, *et seq*., and under the Civil Service Reform Act of 1978, Pub. L. No. 94-454, 92 Stat. 1111 (codified as amended in scattered sections of Title 5 of the United States Code).  Plaintiff alleges that she was forced to retire from her position at the

Department of the Treasury after the Department initiated her removal in January 2007. See Pl. SMF ¶ 40. She claims that the decision to remove her was retaliation for her prior protected Equal Employment Opportunity ("EEO") activities. See Complaint ("Comp.") ¶ 5. Defendant moved to dismiss plaintiff's claim or, in the alternative, for summary judgment on the Rehabilitation Act claim only. On March 31, 2009, this Court dismissed plaintiff's failure to accommodate claim for lack of subject matter jurisdiction and entered judgment in defendant's favor on plaintiff's unlawful discharge claim. See Rand v. Geithner, 609 F. Supp. 2d 97 (D.D.C. 2009). Now that discovery has concluded, defendant moves for summary judgment on plaintiff's remaining claims.

## II. STANDARD OF REVIEW

Summary judgment should be rendered if "the pleadings, the discovery and disclosure materials on file, and any affidavits [or declarations] show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006). "A fact is 'material' if a dispute over it might affect the outcome of a suit under the governing law; factual disputes that are 'irrelevant or unnecessary' do not affect the summary judgment determination." Holcomb v. Powell, 433 F.3d at 895 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. at 248).

An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Scott v. Harris, 550 U.S. 372, 380 (2007); Anderson v. Liberty Lobby, Inc., 477 U.S. at 248; Holcomb v. Powell, 433 F.3d at 895. When a motion for

4

summary judgment is under consideration, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [her] favor." Anderson v. Liberty Lobby, Inc., 477 U.S. at 255; see also Mastro v. Potomac Electric Power Co., 447 F.3d 843, 850 (D.C. Cir. 2006); Aka v. Washington Hospital Center, 156 F.3d 1284, 1288 (D.C. Cir. 1998) (*en banc*); Washington Post Co. v. U.S. Dep't of Health and Human Services, 865 F.2d 320, 325 (D.C. Cir. 1989). On a motion for summary judgment, the Court must "eschew making credibility determinations or weighing the evidence." Czekalski v. Peters, 475 F.3d 360, 363 (D.C. Cir. 2007).

The nonmoving party's opposition, however, must consist of more than mere unsupported allegations or denials and must be supported by affidavits, declarations, or other competent evidence, setting forth specific facts showing that there is a genuine issue for trial. FED. R. CIV. P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). She is required to provide evidence that would permit a reasonable jury to find in her favor. Laningham v. United States Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987). If the nonmovant's evidence is "merely colorable" or "not significantly probative," summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. at 249-50; see Scott v. Harris, 550 U.S. at 380 ("[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is 'no genuine issue for trial.'") (quoting Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)). To defeat a motion for summary judgment, a plaintiff must have more than "a scintilla of evidence to support [her] claims." Freedman v. MCI Telecommunications Corp., 255 F.3d 840, 845 (D.C. Cir. 2001).

## III. PLAINTIFF'S RETALIATION CLAIM

### A. Legal Framework

Title VII provides, in pertinent part, that "[a]ll personnel actions affecting employees or applicants for employment . . . in executive agencies . . . shall be made free from any discrimination based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16. It is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Title VII also makes it unlawful for an employer to retaliate against an employee for engaging in protected activity such as filing a charge of discrimination. See 42 U.S.C. § 2000e-3(a); see also Holcomb v. Powell, 433 F.3d at 901.

Absent direct evidence that an employment-related decision was discriminatory or retaliatory, the claims must be analyzed under the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Jones v. Bernanke, 557 F.3d 670, 678 (D.C. Cir. 2009); Baloch v. Kempthorne, 550 F.3d 1191, 1197, 1200 (D.C. Cir. 2008); Koch v. Schapiro, 697 F. Supp. 2d 65, 69 (D.D.C. 2010). Traditionally, within that framework, a plaintiff must first establish a *prima facie* case of retaliation or discrimination. See Koch v. Schapiro, 697 F. Supp. 2d at 69; Moncada v. Peters, 579 F. Supp. 2d 46, 53 (D.D.C. 2008) (citing Teneyck v. Omni Shoreham Hotel, 365 F.3d 1139, 1149 (D.C. Cir. 2004)). "Doing so creates a rebuttable presumption of discrimination [or retaliation] and 'triggers the employer's burden to produce admissible evidence that, if believed, would establish that the employer's action was motivated

6

by a legitimate, nondiscriminatory [or non-retaliatory] reason.'" Moncada v. Peters, 579 F. Supp. 2d at 53 (quoting Teneyck v. Omni Shoreham Hotel, 365 F.3d at 1151).

It is now established, however, that a "district court need not – *and should not* – decide whether the plaintiff actually made out a *prima facie* case under McDonnell Douglas" at the summary judgment stage if the plaintiff "has suffered an adverse employment action, and [the defendant] has asserted a legitimate, non-discriminatory reason for the decision." Brady v. Office of the Sergeant at Arms, 520 F.3d 490, 494 (D.C. Cir. 2008) (emphasis in original). In these circumstances,

> the district court must resolve one central question: Has the employee produced sufficient evidence for a reasonable jury to find that the employer's asserted non-discriminatory reason was not the actual reason and that the employer intentionally discriminated against the employee on the basis of [any statutorily prohibited factors]?

Id. This framework for analysis under Brady "appl[ies] equally to retaliation claims" as it does to discrimination claims. Jones v. Bernanke, 557 F.3d at 678.

Plaintiff argues that she had a "steady course of protected activity under the Rehabilitation Act and Title VII from at least June 28, 2006, through January 2007." See Opp. at 3. Ms. Rand's protected activity consists of filing one EEO complaint every year beginning in 2002 and ending in 2006 with her final complaint against Messrs. Melone and Sullivan, as well as her request for accommodation filed on June 28, 2006. See Def. SMF ¶¶ 17, 24; Memo. at 17. While the Treasury Department acknowledges that plaintiff engaged in protected EEO activity, see Memo. at 2-3, 17, it nonetheless argues that it had a legitimate, non-retaliatory reason for initiating Ms. Rand's removal, namely that Ms. Rand did not report to work for approximately

7

seven months and refused to return even when informed by her supervisors that she had exhausted all of her leave.  See id. at 18-19.

The Court must determine whether the undisputed facts show that defendant's stated reason for initiating plaintiff's removal was in fact the reason and not pretext for retaliation.  Plaintiff raises two arguments in support of her assertion that defendant's stated reason for initiating her removal is pretext: (1) that defendant refused to temporarily reassign plaintiff when she requested to be moved to a different position reporting to different supervisors; and (2) in a reply to an e-mail from plaintiff's former second-line supervisor about initiating plaintiff's removal, plaintiff's former first-line supervisor said that he "[w]ouldn't miss it for the world."  See Opp., Ex. 4 (series of e-mails between plaintiff's supervisors and other Treasury Department officials discussing her removal).  The Court will address both of these contentions and explain why they do not establish a genuine issue of material fact that would qualify this case for trial.

### B.  Plaintiff's Reassignment Request

Plaintiff argues that the failure to reassign her shows pretext because her doctor had informed the agency that she could return to work if the agency reassigned plaintiff to a different position.  See Pl. SMF ¶¶ 28, 32.  Plaintiff also alleges that her supervisor "reneged on his agreement to allow plaintiff to go on a detail to another office where she could have functioned satisfactorily."  Opp. at 6-7.  To be clear, plaintiff does not argue that the failure to reassign her was the retaliatory action; rather, plaintiff seems to be claiming that the refusal to

8

reassign her is evidence of pretext in plaintiff's removal, which is the alleged retaliatory action. See Opp. at 6.

In the decision granting summary judgment for defendant on plaintiff's unlawful discharge claim, this Court concluded that plaintiff was not entitled to an accommodation under the Rehabilitation Act because she was not disabled within the meaning of the Act. See Rand v. Geithner, 609 F. Supp. 2d at 104. As a result, plaintiff's former supervisors had no legal duty to reassign her under the Act. The failure to do so, therefore, creates no genuine issue of material fact with regard to the agency's stated reason for initiating her termination.

### C. Termination E-mail

In support of her argument regarding pretext, plaintiff also cites an e-mail by her first-line supervisor, James Sullivan, responding to an e-mail from her second-line supervisor, Martin Melone, instructing Mr. Sullivan to initiate plaintiff's removal. See Opp., Ex. 4 (series of e-mails between plaintiff's supervisors and other agency officials discussing her removal). In his reply, Mr. Sullivan writes that he "wouldn't miss it [plaintiff's removal] for the world." Id. This e-mail, even when viewed in a light most favorable to the plaintiff, does not establish a genuine issue of material fact with regard to defendant's stated reason for initiating plaintiff's removal. At most, the e-mail shows that Mr. Sullivan had a personal dislike for Ms. Rand; it does not show retaliatory animus. See, e.g., Armstrong v. Jackson, Civil Action. No. 05-0075, 2006 U.S. Dist. LEXIS 48149 at *29 n.3 (D.D.C. July 17, 2006) ("The Court notes that plaintiff's assertion that [the director] called her 'bitter' and said that 'the negative things people say about [plaintiff are] true' does not warrant a contrary conclusion [to the Court granting summary judgment in

9

favor of defendant]. At best, those statements illustrate only a personal dislike, not discriminatory [or retaliatory] animus.").

Given Ms. Rand's absence from the workplace for seven months, it is not surprising and not probative of retaliatory intent that Mr. Sullivan would express relief at the prospect of finalizing her termination. Because the defendant has asserted a legitimate, non-retaliatory, and non-pretextual reason for plaintiff's removal, there is no evidence of retaliation and the Court therefore grants summary judgment for defendant on the plaintiff's remaining Title VII claim.

IV. PLAINTIFF'S CLAIM FOR JUDICIAL REVIEW OF THE MSPB'S DECISION

Because the Court has already disposed of plaintiff's Title VII claims, see supra Part III, all that is left to review are the non-Title VII component's of plaintiff's mixed case before the MSPB. In a so-called "mixed case" — that is, one in which "an adverse personnel action subject to appeal to the MSPB [is] coupled with a claim that the action was motivated by discrimination," Butler v. West, 164 F.3d 634, 638 (D.C. Cir. 1999) (citations omitted); see also 29 C.F.R. § 1614.302(a) — the Court conducts a *de novo* review of the Title VII claims but must review the non-Title VII claims exclusively on the administrative record. See Butler v. West, 164 F.3d at 638-39 n.10; Barnes v. Small, 840 F.2d 972, 979 (D.C. Cir. 1988); Osborne v. Eisner, 696 F. Supp. 2d 73, 76 (D.D.C. 2010); Harley v. Dalton, 896 F. Supp. 29, 31 n.2 (D.D.C. 1995). Therefore, in considering a plaintiff's non-Title VII claims, "[a] district court may set aside the administrative adjudication only if it is arbitrary or capricious, obtained without compliance with lawful procedures, unsupported by substantive evidence or otherwise not in

accordance with law." Barnes v. Small, 840 F.2d at 979; see 5 U.S.C. § 7703(c). In order "[t]o show that the MSPB's decision is not arbitrary and capricious, defendant needs only to show that the decision has 'a rational basis in the law.'" Hanna v. Herman, 121 F. Supp. 2d 113, 121 (D.D.C. 2000) (quoting Wilder v. Prokop, 846 F.2d 613, 620 (10th Cir. 1988)). Furthermore, the Court must uphold the MSPB's decision if it is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal citations omitted).

Plaintiff argues that the decision of the Merit Systems Protection Board and its Administrative Law Judge ("ALJ"), who affirmed the Treasury Department's decision to remove plaintiff, was "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law and unsupported by substantial evidence." Comp. ¶ 8. Plaintiff supports her argument that the ALJ's decision is not based on substantial evidence by stating that "[t]he Administrative [Law] Judge did not give proper consideration to plaintiff's reprisal argument, ignored the agency's promises to reassign plaintiff and ignored relevant authority." See Opp. at 7. Plaintiff also disputes the MSPB's finding that the agency's action (plaintiff's removal) promoted the efficiency of the federal service, arguing that it "does not promote the efficiency of the [federal] service to remove a career employee instead of reassigning her . . . ." and that she "was ready and willing to work in another unit of the agency." Id. at 8. Plaintiff again asserts that the agency had "agreed" to reassign her and that she had found two alternate assignments that her supervisors did not "allow her to accept." Id.

Because the Court has addressed plaintiff's Title VII claims earlier in this opinion and her Rehabilitation Act claims in its previous opinion in this case, see Rand v. Geithner,

11

609 F. Supp. 2d 97 (D.D.C. 2009), the only MSPB findings to review for arbitrariness and capriciousness are the ALJ's conclusions about "the appropriateness of the penalty" and that plaintiff's removal "promoted the efficiency of the [federal] service." Administrative Record at 29-30 (Initial Decision of the United States Merit Systems Protection Board, Washington Regional Office, in <u>Rand v. Department of Treasury</u>) ("MSPB Decision") (internal citation omitted).

In the decision on plaintiff's claim, the ALJ stated that "[a]n adverse action promotes the efficiency of the [federal] service when the basis for the action either relates to the employee's ability to accomplish her duties satisfactorily or to some other legitimate government interest." MSPB Decision at 29. The ALJ also noted that plaintiff was away from her workplace for a period of seven months, during which time, according to plaintiff's supervisors there was a need to fill her position with an employee who was available to work full time. <u>See id</u>. at 13-14. Plaintiff's supervisors stated that they could not fill her position while she was absent. <u>See id.</u> at 15. Plaintiff herself said that she could not, and would not, return to her position because of her medical condition. <u>See id</u>. at 28. There was also evidence before the ALJ that the agency had no available positions for which plaintiff was qualified to which it could assign her. <u>See id</u>. at 27. It was neither arbitrary nor capricious, therefore, for the ALJ to find "that the agency had no duty to retain the appellant once it had established that she was unable to perform the duties of her position and it had no other available positions for which she was qualified to which it could assign her." <u>Id</u>. at 28.

In addition, there was substantive evidence before the ALJ to support the decision that removal was an appropriate penalty for plaintiff's failure to report to work for seven months. The role of the MSPB in reviewing a penalty is to "ensure that the agency considered relevant factors and assessed a penalty that is within the limits of reasonableness." MSPB Decision at 29. Plaintiff did not provide any evidence to the MSPB showing that she could perform the essential functions of her position. Id. at 30. In addition, as noted, there is no evidence in the record that the agency had any vacant positions to which it could have reassigned plaintiff. Id. There is ample relevant evidence to support the MSPB's conclusion that removal was an appropriate penalty.

## V. CONCLUSION

For the foregoing reasons, the Court will grant summary judgment for the defendant. An Order consistent with this Opinion will be issued this same day.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: August 11, 2010